384 So.2d 147 (1980)
ESCAMBIA COUNTY, Petitioner,
v.
Jack BEHR, Etc., Respondents.
Paul BAKER, Etc., et al., Petitioners,
v.
DADE COUNTY, Etc., Respondents.
Nos. 53572, 55280.
Supreme Court of Florida.
May 1, 1980.
Rehearing Denied June 30, 1980.
John W. Fleming, Pensacola, for petitioner, Escambia County.
Jim Smith, Atty. Gen., and Randy Schwartz, Asst. Atty. Gen., Tallahassee, for respondents Jack Behr, etc.
Bennett H. Brummer, Public Defender, Miami, for amici curiae Florida Public Defenders Ass'n.
William K. Howell, Jr., Sr. Asst. County Atty., DeLand, for amici curiae Volusia County.
Wilson W. Wright and William J. Roberts, Tallahassee, for amici curiae State Ass'n of County Commissioners.
Marilyn C. Wolf, Asst. County Atty., Gainesville, for amici curiae Alachua County.
Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for petitioners, Paul Baker et al.
Stuart L. Simon, Dade County Atty., and Stephen P. Lee, Asst. County Atty., Miami, for respondents Dade County, etc.
BOYD, Justice.
These cases are before the Court on petitions for certiorari to review district court decisions and have been consolidated for purposes of this opinion. In case no. 53,572 we accepted jurisdiction on the ground that the decision of the District Court of Appeal, First District, affects a class of constitutional state officers. In case no. 55,280, the District Court of Appeal, Third District, certified that its decision passed upon a question of great public interest. This Court has jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In case no. 53,572 the facts and status of the case are as follows.
On May 10 and 11, 1977, the Public Defender for the First Judicial Circuit filed motions to withdraw as counsel in a number of felony cases on the ground that his excessive case load would preclude the performance of effective representation on behalf of the indigent defendants. Prior to any ruling on these motions, petitioner Escambia County sought a writ of mandamus *148 in circuit court to compel the public defender to defend the cases. The writ was denied without the issuance of an order to show cause which would have required a response from the public defender. The court was of the opinion that the duty of the public defender to provide representation flows from his appointment by a trial court in a particular case and that mandamus does not lie to compel representation. Meanwhile, the motions to withdraw were granted in six noncapital felony cases. Escambia County, which would ultimately have to bear the expense of appointed counsel,[1] sought certiorari review in the district court of the denial of its petition for mandamus.
The county argued that section 27.51(1),[2] Florida Statutes (1977), imposes a clear duty on the public defender to provide representation to insolvent defendants. The district court denied relief, saying that the cited subsection
must be read in pari materia with other relevant statutes and standards. Section 27.53(2) allows the trial court the discretion to appoint as special assistant public defender any member of the Bar to represent insolvent defendants. Canon 6 of the Code of Professional Responsibility provides generally that a lawyer should represent a client competently. The corresponding disciplinary rule, 6-101, requires "a lawyer shall not ... handle a legal matter without preparation adequate in the circumstances." Ethical Consideration 2-30 provides, "Employment shall not be accepted by a lawyer when he is unable to render competent service... ."
State ex rel. Escambia County v. Behr, 354 So.2d 974, 975 (Fla. 1st DCA 1978). The court held that the circuit court may grant a public defender's motion to withdraw and appoint private counsel at county expense on the ground of excessive case load in the public defender's office.
The petitioner here reiterates its argument that the public defender has a clear duty, under section 27.51, to represent insolvent defendants. It argues further that section 27.53(3), Florida Statutes (1977),[3] provides that the only circumstance under which the public defender may withdraw is conflict of interest among the clients of the office.
The respondent argues that section 27.53(2), Florida Statutes (1977),[4] contemplates *149 various kinds of special circumstances and reasons for appointment of private counsel and that these may include excessive case load. The duty of the public defender to provide representation derives not from the statute, respondent contends, but from court appointment. Therefore the appointment of private counsel under section 27.53(2) can be either instead of the public defender in the first instance, or following the granting of a public defender's motion to withdraw.
In case no. 55,280, the facts are as follows.
The public defender of the eleventh judicial circuit moved to withdraw as counsel for a particular indigent defendant in all appellate proceedings. The circuit court granted the motion and appointed a "special assistant public defender" to provide representation. On petition by Dade County for certiorari, the district court quashed the circuit court's order. It held that the duty of the public defender to provide representation is imposed by statute and that in purporting to relieve the public defender of that duty the court exceeded its authority. The public defender's motion, said the court, did not state a "lawful ground" for the appointment of a special assistant public defender under section 27.53(2). Dade County v. Baker, 362 So.2d 151, 154 (Fla. 3d DCA 1978).
In dissent, Judge Hubbart wrote:
The court relies on what it considers to be the public defender's statutory duty to represent the defendant herein. I cannot agree. It is clear that Chapter 27.50, Florida Statutes (1977), does not impose an exclusive statutory duty on the public defender to represent all insolvent defendants in all criminal proceedings. The statute, in fact, creates a dual system for delivering defense services to the insolvent poor in criminal cases. The public defender may be appointed by the court to represent an insolvent defendant in felony cases and in certain misdemeanor, municipal or county ordinance, and juvenile delinquency cases. If so appointed, it becomes the public defender's duty to represent such defendant. The court also has the option of appointing a member of the Florida Bar in good standing to represent an insolvent defendant in a criminal proceeding pursuant to either Section 27.53(2) or 27.53(3), Florida Statutes (1977). In a capital case, the court has the additional option of appointing private counsel under Section 925.035, Florida Statutes (1977). If so appointed, it becomes private counsel's duty to represent such defendant.
Section 27.51(1), Florida Statutes (1977) imposes upon the public defender the duty of representing "any person who is determined to be insolvent, as provided in this act, who is under arrest for, or is charged with, a felony." It does not impose a sole exclusive duty upon the public defender to represent all insolvent defendants charged with a felony. The statute must be read in pari materia with the other sections of the statute which clearly give the trial court the discretionary authority to appoint members of the Florida Bar to represent insolvent defendants in criminal proceedings.
Id. at 158 (footnote omitted). The dissenting opinion stated further that there should be no necessity for inquiry into whether the trial court's order is based on a "lawful ground" because section 27.53(2), providing the authority for the appointment in question, does not mention any such prerequisite.
Thus the two majority opinions and one dissent below provide us with three possible approaches to resolving the problem before us. The third district majority holds that the appointment of private counsel in substitution for the public defender under section 27.53(2) must be based on some "lawful ground," and holds that excessive case load is not such a lawful ground. The dissenter insists that the trial court's discretion to appoint members of the bar as special assistant public defenders under section 27.53(2) is virtually unfettered and not dependent on a showing of a lawful ground or special circumstances. The first district's approach is to hold that appointments of *150 private counsel in lieu of or substitution for the public defender under section 27.53(2) must be based on some special circumstance and that excessive case load is such a special circumstance.
We agree with the conclusion urged by Judge Hubbart and adopt his opinion as the rationale for our holding. Dade County v. Baker, 362 So.2d at 154 (Hubbart, J., dissenting). We hold that the court has the option of appointing the public defender or private counsel. This is a matter within the sound discretion of the trial court judge. The court does not have to make any prerequisite findings or allow the county an opportunity to be heard before appointing private counsel.
In case no. 53,572 the first district's decision denying the county relief from the trial court's order is affirmed. In case no. 55,280 the third district's decision holding that the trial court departed from the essential requirements of law is quashed. The causes are remanded with directions that they be remanded to the respective circuit courts for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J., concurs with an opinion with which ALDERMAN, J., concurs.
ENGLAND, Chief Justice, concurring.
I fully agree with the approach taken by the majority in adopting Judge Hubbart's opinion in Dade County v. Baker, which allows a trial court to appoint private counsel in lieu of the public defender to represent an indigent, without a showing of "lawful grounds" or "special circumstances," either initially or upon the public defender's withdrawal. My agreement on that approach, however, highlights the need to examine another alternative to the representation problem which these cases have identified. The free substitution of private attorneys for public defenders who seek to withdraw from a case in which they have been appointed counsel, on the ground of excessive caseload, potentially poses dramatic financial implications for the counties and variant levels of performance or responsibility among the public defenders in Florida's twenty judicial circuits.
The problem of excessive caseload in the public defender's office should be resolved at the outset of representation, rather than at some later point in a trial proceeding. Public defenders, at the time of their appointment to a new case, are in the best position to know whether existing caseloads render unlikely their ability to continue to conclusion a new representation. If that prospect exists, they should so advise the trial court before undertaking new commitments. Trial judges can then conduct a hearing, in which the county should be entitled to appear, to evaluate the caseload claim and to determine whether private counsel should be assigned to serve as a special assistant public defender.
Clearly, the counties are the only real parties in interest in such a proceeding, and they should be able to challenge the evidence offered to support a claim of excess caseload. Section 27.53(2), Florida Statutes (1979), provides that the fees, costs, and expenses for a special assistant public defender are to be paid in the same manner as capital case fees which, pursuant to section 925.035, Florida Statutes (1979), are to be paid by the county.[1]
By requiring public defenders to decline new representation on the basis of excess caseload, rather than to withdraw from pending proceedings on that ground, the trial courts of this state will not only prevent delays in the administration of the criminal justice system, but will also avoid the creation of a different standard of professional representation in public defender *151 offices than among private attorneys.[2] A further purpose is served, moreover. If a public defender can make the requisite showing to be relieved of new cases, a record is established by which the legislature can accurately assess the manpower needs of the public defender system and the financial burdens it has placed on the counties. Appropriate legislative responses can then be developed.
Two other corollaries of this approach should be mentioned. First, in the event that trial judges find a persistent and unjustified declination of new representation by the public defenders on the ground of excessive caseload, the chief judge of the circuit should be informed, either to seek appropriate local solutions or to advise this Court. Second, the public defenders' offices can possibly alleviate their own caseload problems, and avoid declinations of representation, by a more careful screening of cases for which indigency representation is requested.
OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] The fees and expenses of private counsel appointed to represent insolvent defendants are paid in the same manner as in capital cases, § 27.53, Fla. Stat. (1977); that is, they are paid by the county. § 925.035, Fla. Stat. (1977).
[2] Section 27.51(1), Florida Statutes (1977), provides in pertinent part:

(1) The public defender shall represent, without additional compensation as provided in s. 925.035, any person who is determined to be insolvent, as provided in this act, who is under arrest for, or is charged with, a felony. The public defender may represent any person who is determined to be insolvent, as provided in this act, who is under arrest for, or is charged with, a misdemeanor or violation of a municipal or county ordinance in the county court.
[3] If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff, it shall be his duty to move the court to appoint one or more members of The Florida Bar who are in no way affiliated with the public defender in his capacity as such, or in his private practice, to represent those accused. However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict, and said attorney may, in the discretion of the court, be paid a fee and costs and expenses as is provided in subsection (2).
[4] In addition, any member of the bar in good standing may be appointed by the court to, or may register his or her availability to the public defender of each judicial circuit for acceptance of, special assignments without salary to represent insolvent defendants. Such persons shall be listed and referred to as special assistant public defenders and be paid a fee and costs and expenses. Such fee and costs and expenses shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law. In addition, defense counsel may be assigned and paid pursuant to any existing or future local act or general act of local application.
[1] The office of the state attorney cannot realistically be placed in the position of challenging the public defender's caseload statistics and priorities, due to their parallel yet competing interests.
[2] The Code of Professional Responsibility allows for permissive or mandatory withdrawal under certain specified situations, however no provision, express or implied, is made for withdrawal as counsel from a pending proceeding due to excessive caseload. See Fla.Bar Code Prof.Resp., D.R. 2-110(B), (C); D.R. 5-102; D.R. 5-105(B). Furthermore, the acceptance of additional cases where an existing caseload precludes adequate representation may subject an attorney to disciplinary action. See Fla.Bar Code Prof.Resp., D.R. 7-101(A)(1), (2). See also the Preliminary Statement to the Code of Professional Responsibility which provides that the "Disciplinary Rules state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action [and] ... should be uniformly applied to all lawyers, regardless of the nature of their professional activities." (Emphasis added.)