495 So.2d 1208 (1986)
Elton H. SCHWARZ, Public Defender for the Nineteenth Judicial Circuit, Petitioner,
v.
The Honorable Marc A. CIANCA, County and Acting Circuit Judge, in and for Martin County, Florida, Respondent.
No. 4-86-1700.
District Court of Appeal of Florida, Fourth District.
October 1, 1986.
Rehearings Denied November 6, 1986.
*1209 Elton H. Schwarz, Public Defender, Stuart, pro se.
Jim Smith, Atty. Gen., Tallahassee, Robert S. Jaegers and Amy L. Diem, Asst. Attys. Gen., West Palm Beach, for respondent.
Noreen S. Dreyer, Co. Atty., for amicus curiae Martin County.
Daniel S. McIntyre, Co. Atty., Fort Pierce, for amicus curiae St. Lucie County.
Howard H. Babb, Jr., Public Defender, Tavares, Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for amicus curiae Florida Public Defenders Ass'n, Inc.
Michael Egan of Roberts, Egan & Routa, P.A., Tallahassee, for amicus curiae State Ass'n of County Com'rs.
PER CURIAM.
This matter is before us upon an application for extraordinary relief. We treat the application as a petition for writ of certiorari, grant the writ, and to the extent set out below, quash the order of the trial court.
The petitioner, Elton H. Schwarz, the public defender for the judicial circuit which includes Martin County, sought to withdraw as counsel from certain pending juvenile and misdemeanor cases in Martin County as well as all future 1986 filings in such county involving misdemeanor, juvenile and mental health matters. The trial court denied all relief. We are of the view that we have jurisdiction to review the order only as it relates to the pending juvenile cases in circuit court. As to these cases we grant the petition based upon our review of the record which reflects an unrebutted showing that the petitioner's pending caseload in Martin County was so excessive at the time of the hearing on the motion to withdraw as to disable the petitioner from rendering effective counsel to the defendants in the pending cases. Under such circumstances the public defender is entitled to withdraw and have publicly funded private counsel appointed. Escambia County v. Behr, 384 So.2d 147 (Fla. 1980). While the petitioner introduced evidence of several standards for gauging a public defender's workload, the other active party in the proceedings, Martin County, neither challenged these standards nor submitted evidence of other standards, including comparisons with the caseloads of other Florida public defender offices. While we recognize that the trial court is vested with substantial discretion in these matters, we are limited to the record made in these proceedings to determine whether the trial court's action constitutes a deviation from the substantial requirements of law. That record, as already noted, is devoid of evidence supporting the trial court's action.
We also recognize that this matter is one of great public importance and urgency. *1210 While the case law recognizes the authority of the trial court to relieve the public defender from representation because of excessive caseload, there is a lack of guidelines both for determining a reasonable caseload for a public defender and for determining appropriate action by the public defender in the face of excessive caseload. As it now stands the public defender is required to make an individual, good faith appraisal of his or her ability to accept representation and, when such appraisal indicates the rejection of appointment, to present to the trial court an evidentiary basis for that appraisal. Escambia County v. Behr. Our holding here simply finds that the record supports but one reasonable conclusion, withdrawal. In accord with the above, however, we certify the following question to the Florida Supreme Court as one of great public importance:
IS A TRIAL COURT REQUIRED TO ALLOW THE PUBLIC DEFENDER'S OFFICE TO WITHDRAW WHENEVER THE PUBLIC DEFENDER PRESENTS UNREBUTTED EVIDENCE THAT HIS CASELOAD IS EXCESSIVE AND THAT, BY REASON THEREOF, HE IS UNABLE TO FURNISH EFFECTIVE COUNSEL?
DOWNEY, ANSTEAD and DELL, JJ., concur.