561 So.2d 562 (1990)
Jim Henry HATTEN, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 74694.
Supreme Court of Florida.
May 3, 1990.
*563 Robert A. Harper, Jr., Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Peggy A. Quince and Stephen A. Baker, Asst. Atty. Gen., Tampa, and James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for respondents.
EHRLICH, Chief Justice.
Hatten was convicted of first-degree murder on December 2, 1987, and sentenced on December 3, 1987, to life imprisonment without possibility of parole for twenty-five years. His notice of appeal was filed by the Public Defender for the Thirteenth Judicial Circuit on December 21, 1987. Hatten was notified by letter of June 27, 1988, that the Appellate Division of the Public Defender for the Tenth Judicial Circuit had been appointed to handle his appeal.[1] On March 21, 1989, Hatten received a letter from the Public Defender for the Tenth Judicial Circuit stating that "[d]ue to a lack of funding by the Legislature to adequately staff our appellate division to brief the tremendous amount of cases we have, there is a delay in the preparation of briefs" for his appeal, and that "we cannot predict exactly when your brief will be completed and filed in the District Court." On August 10, 1989, Hatten pro se filed this petition for writ of mandamus, seeking an order compelling respondents the state of Florida and the Public Defender for the Tenth Judicial Circuit to review the record in his case and file briefs, arguing that the failure to timely file briefs in his case deprives him of his constitutional rights. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
For this Court to issue a writ of mandamus, Hatten must show that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him. See, e.g., Heath v. Becktell, 327 So.2d 3 (Fla. 1976). It is clear that an indigent state defendant has the constitutional right to the effective assistance of counsel on appeal. See Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972); McDaniel v. State, 219 So.2d 421 (Fla. 1969); see also Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). It is the duty of the public defender, as counsel for the defendant and a state officer, to provide that effective representation. Failing to file briefs within the mandated time period and thereby opening up the defendant to dismissal of his appeal can hardly be termed effective assistance of counsel. In addition, "[a]ll attorneys, whether state-supplied or privately retained, are under the professional duty not to neglect any legal matters entrusted to them." State v. Meyer, 430 So.2d 440, 443 (Fla. 1983); see also rule 4-1.3, Rules Regulating Fla. Bar (Diligence).
Both the public defender and the state essentially agree that Hatten's rights are being violated by the inability of the public defender to prepare and timely file a brief in this case.[2] The public defender responds, however, that due to the excessive backlog of cases assigned to his office, many over two years old, he is unable to alleviate the situation. This case, therefore, is not merely an isolated incident, but is symptomatic of a larger problem; Hatten's is not the only appeal in limbo, awaiting the attention of the public defender.
This is not the first time this Court has considered the question of the proper course of action when the public defender's excessive caseload effectively precludes effective representation of indigent clients. In Escambia County v. Behr, 384 So.2d 147 (Fla. 1980), the Public Defenders for the *564 First and Eleventh Judicial Circuits filed motions to withdraw in several cases, citing excessive caseload. This Court found, contrary to the position taken by the county, that the public defender is not charged with the duty to represent all indigent defendants charged with a felony, but that the statutory framework of chapter 27, Florida Statutes (1977), provided an alternative, i.e., the appointment of private counsel. Further, because of the substantial delays caused by excessive caseload, this Court has at various times ordered the public defender appellate divisions in several circuits to accept no further assignments in capital cases, and mandated the appointment of private counsel in order to clear out the backlog of delinquent cases. See, e.g., In re: Directive to the Public Defender of the Seventh Judicial Circuit of Florida, No. 60,514 (Fla. Apr. 28, 1981).
In In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) [hereinafter In re Order], this Court addressed the latest in a series of efforts by the Second District Court to resolve what has become a crisis situation. We noted that subsection 27.53(2), Florida Statutes, relied upon in Behr, was amended in 1981 to remove it as an independent mechanism for appointment of counsel in lieu of the public defender. Ch. 81-273, Laws of Fla. However, we found that subsection 27.53(3), Florida Statutes (1989), provides an appropriate mechanism to handle the problem of excessive caseload. Subsection 27.53(3) provides:
(3) If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to move the court to appoint other counsel. The court may appoint either:
(a) One or more members of The Florida Bar, who are in no way affiliated with the public defender, in his capacity as such, or in his private practice, to represent those accused; or
(b) A public defender from another circuit. Such public defender shall be provided office space, utilities, telephone services, and custodial services, as may be necessary for the proper and efficient function of the office, by the county in which the trial is held.
However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict. The court shall advise the appropriate public defender and clerk of court, in writing, when making such appointment and state the conflict prompting the appointment. The appointed attorney shall be compensated as provided in s. 925.036.
In In re Order, this Court stated that "[w]hen excessive caseload forces the public defender to chose between the rights of the various indigent criminal defendants he represents, a conflict of interest is inevitably created." At 1135. As the Second District Court stated, "The rights of defendants in criminal proceedings brought by the state cannot be subjected to the fate of choice no matter how rational that choice may be because of the circumstances of the situation." Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, slip op. at 3 (Fla. 2d DCA May 12, 1989). This Court found in In re Order that the legislature in section 27.53(3) has provided the appropriate method for handling such situations, and held that
where the backlog of cases in the public defender's office is so excessive that there is no possible way he can timely handle those cases, it is his responsibility to move the court to withdraw. If the court finds that the public defender's caseload is so excessive as to create a conflict, other counsel for the indigent defendant should be appointed pursuant to subsection 27.53(3). This procedure is equally applicable to cases for trial and on appeal. If the case is on appeal, the *565 motion should be filed in the district court, because once the record has been transmitted, the circuit court no longer has jurisdiction. The district court may then order the circuit to handle the motions. See Fla.R.App.P. 9.600(b).
In re Order, at 1138.
We recognize the difficulty faced by the Public Defender for the Tenth Judicial Circuit because his office has not been adequately funded by the legislature. Certainly, we agree with the Florida Judicial Council's Special Committee that "the only desirable alternative is adequate funding on behalf of the state so that the various public defenders can be appropriately and adequately staffed to perform their constitutional and statutorily assigned duties." Report of the Judicial Council Special Committee on Criminal Appeal Structure Relating to Indigent Defendants at 8.[3] However, lack of support by the legislature does not relieve the public defender of his legal and professional duty to safeguard each of his client's interests and to act with reasonable diligence in the representation of his clients. In the case at bar, it is clear that because of the excessive backlog of cases in the public defender's office, the public defender has not provided Hatten with effective representation. Briefs in his appeal are long overdue, and must be filed expeditiously. We therefore order the public defender to evaluate the circumstances surrounding Hatten's appeal as it stands at the time of the filing of this opinion.[4] If briefs in Hatten's appeal cannot be filed within thirty days from the date of this opinion the Public Defender for the Tenth Judicial Circuit shall file a motion in the Second District Court of Appeal to withdraw because of conflict created by excessive caseload.[5] The district court may either rule on the motion, and if proper appoint other counsel pursuant to subsection 27.53(3) and our opinion in In re Order, or order the circuit court to handle the motion and if proper appoint such counsel. Id. The petition for a writ of mandamus is granted.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Paragraph 27.51(4)(b), Florida Statutes (1987), assigns to the Public Defender for the Tenth Judicial Circuit the responsibility for handling appeals "on behalf of any public defender within the district comprising the Second District Court of Appeal."
[2] The time for filing briefs in Hatten's appeal has certainly passed. The notice of appeal in this case was filed on December 21, 1987, and Florida Rule of Appellate Procedure 9.110(f) requires that the initial brief of appellant be filed "within 70 days of filing the notice" of appeal.
[3] We hope that by publication of this opinion and In re Order on the Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990), the legislature will be prompted to act to alleviate a situation which has become intolerable. Should this situation continue, there remains open to this Court the option of releasing pending appeal any indigent convicted felons otherwise bondable. While this would not solve the problem, it would at least ameliorate the hardship caused. See id., at 1139.
[4] We were informed at oral argument that Hatten's case would probably be briefed by the end of February. We recognize that at the time this opinion is filed, those briefs may have already been prepared, or filed.
[5] We also recognize that the Public Defender of the Tenth Judicial Circuit has attempted to withdraw from several cases citing excessive caseload, and that those motions were denied by the Second District Court citing considerations not discussed in this opinion. Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, slip op. at 2-3 (Fla. 2d DCA May 12, 1989). As the denial of those motions is not at issue in this case, we do not address them at this time.