SMITH, Judge.
This is an appeal from the summary denial of a petition for writ of habeas corpus. Appellant, who has appealed his drug conviction to this court, contends he is entitled to be released from jail while his appeal is pending, because his appointed counsel has failed to prosecute his appeal in a timely fashion. We find appellant’s petition was facially sufficient to state a case for relief and that the trial court erred in summarily denying the petition.
Appellant was convicted and sentenced on one count of sale or delivery of cocaine on December 11, 1990. A timely notice of appeal was filed and forwarded to this court and his case was assigned Docket No. 91-39. Appellant was adjudicated insolvent and the public defender was appointed to represent him. The assigned public defender sought an extension of time until May 5 to serve the initial brief and that was granted. However, on June 10, because of the backlog of cases and under-staffing in the Public Defender’s Office, the public defender was allowed to withdraw as counsel of record in this case and jurisdiction was relinquished to allow the trial court to appoint substitute counsel. Substitute counsel was appointed on June 20 and a notice of appearance was filed on June 27. Counsel then sought an extension of time, and time for service of appellant’s initial brief was extended to September 23, 1991 with a proviso that no further extensions would be granted except in case of emergency. Due to a mishap, counsel for appellant did not receive this last order. A new order was entered and appellant’s initial brief was filed on October 29, 1991.
On June 11, 1991, appellant filed a petition for writ of habeas corpus in the circuit court below alleging that his appeal was not being processed in a timely manner and that he was entitled to relief, pending appeal, pursuant to the decisions of Hatten v. State, 561 So.2d 562 (Fla.1990) and In Re Order on Prosecution of Criminal Appeals, 561 So.2d 1130 (Fla.1990). These decisions provide that when appel-' late briefs for indigent appellants are more than 60 days delinquent, courts may order the release pending appeal of indigent felons who are otherwise bondable. In Re Order, 561 So.2d at 1139; and Hatten, 561 So.2d 565 n. 3.
In his petition for writ of habeas corpus filed below, appellant alleged that he was *504 eligible for release because he has no prior felony convictions in which his civil rights have not been restored and no pending felony charges, and that he is presently serving a sentence for something other than first or second degree murder, kidnapping, sexual battery, arson or drug trafficking. The trial court, apparently under the mistaken impression that mere appointment of alternate counsel satisfied the requirements of the supreme court cases, summarily denied the petition for writ of habeas corpus.
In Re Order and Hatten hold that an indigent appellant has the absolute constitutional right to effective assistance of appellate counsel and that a lengthy delay in appointed counsel’s filing of a brief may deprive him of this constitutional right. The cases suggest that if the initial brief is not filed within 60 days of its due date, indigent defendants have the right to seek habeas corpus relief. Appellant’s petition for habeas corpus, which alleges that he is bondable and otherwise makes out a prima facie case for relief, required a response from the state. We must therefore conclude that the trial court erred in summarily denying relief. Accordingly, the trial court’s order is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
MINER, J., and WENTWORTH, Senior Judge, concur.