614 So.2d 1183 (1993)
Jeffrey KING, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 92-3165.
District Court of Appeal of Florida, First District.
February 19, 1993.
Rehearing Denied April 19, 1993.
*1184 Jeffrey King, pro se.
James S. Byrd, Asst. General Counsel, Florida Parole Com'n, Tallahassee, for appellee.
SMITH, Judge.
King, an inmate in the custody of the Department of Corrections, appeals an order denying his petition for writ of mandamus. In his petition, King requested the trial court to direct the Florida Parole Commission (Commission) to reconsider his eligibility for the control release program and to set his control release date. We affirm.
The control release program, which is administered under section 947.146, Florida Statutes (1991), provides for the release of inmates prior to the expiration of their sentences in order to keep the prison population within lawful capacity. The Control Release Authority, comprised of members of the Commission, evaluates each inmate's eligibility for the program based on statutory criteria set out in section 947.146. Those inmates who are excluded by virtue of any one of numerous provisions in section 947.146(4)(a)-(i) are not entitled to have a control release date set.
In his petition, King raises a question of law regarding the correct application of section 947.146(4)(h), Florida Statutes (1991). Based upon his construction of section 947.146(4)(h), he alleges that the control release authority has wrongfully determined that he is ineligible for the control release program.
At the outset, it is necessary to determine whether mandamus is available to prisoners seeking a control release date. Mandamus will lie where the petitioner shows "that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him." Hatten v. State, 561 So.2d 562, 563 (Fla. 1990). Section 947.146(4) requires the authority to establish a control release date unless the inmate is disqualified by one of the exclusions of this statute. Cf. Greer v. Florida Parole and Probation Commission, 403 So.2d 1000 (Fla. 1st DCA 1981) (commission has clear legal duty to establish petitioner's presumptive parole release date). While section 947.146 provides that a prisoner has no right to control release, King is not seeking control release but is asking for proper consideration of his eligibility for the program. Cf. Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974) (inmate has a right to proper consideration of his eligibility for parole). Thus, we agree that mandamus is a proper avenue for relief for a prisoner seeking a control release date for which he is eligible.
Notwithstanding our conclusion that King has the right to seek relief in the manner chosen, we find that King's petition is deficient because King has failed to allege that he is entitled to a control release date. He is required to allege that none of the statutory criteria for disqualification apply to him. A prisoner does not set forth a basis for mandamus relief simply by taking issue, in the abstract, with the Commission's legal interpretation of one of the disqualifying criteria applicable to him. As stated, the Commission has a clear legal duty to set an inmate's control release date, but only if the inmate meets all the statutory criteria and is not disqualified for any of the reasons set forth in the statute. King's petition, having failed to *1185 set forth allegations sufficient on their face to demonstrate his eligibility for the control release program and entitlement to a control release date, is deficient, and was therefore appropriately denied.
AFFIRMED.
ALLEN and WOLF, JJ., concur.