DAUKSCH, Judge.
Shoan Brooks, an inmate in the custody of the Department of Corrections, appeals an order denying his petition for writ of habeas corpus. Brooks requested the trial court to consider his eligibility for control release and to restore certain control release credits that were allegedly earned and then taken away by application of statutory amendments to section 947.146, Florida Statutes. We affirm.[1]
In 1993 appellant plead guilty to burglary among other crimes. At that time, the control release authority statute allowed an offender convicted of burglary to be eligible for control release. Effective July 1, 1996 the control release authority statute was amended to state the following:
(5) Whenever the inmate population drops below 99 percent capacity and remains below 99 percent for 90 consecutive days without requiring the release of inmates under this section, all control release dates shall become void and no inmate shall be eligible for release under any previously established control release date. An inmate does not have a right to a control release date, nor shall the authority be required to reestablish any additional control release dates except under the provisions of subsection (2).
See ch. 96-422 at 3323, Laws of Fla. Some time after the amendment, appellant’s control release date was changed from September 4, 1996 to September 24, 2000. Appellant contends that this statutory amendment applied retroactively to take away control release credits he had earned, and thus runs afoul of the ex post facto clause. In support of this argument, appellant relies upon Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) where the Supreme Court held that retroactive cancellation of provisional credits violated the ex post facto clause. While there may be merit to the notion that Lynce extends to control release credits, we do not reach that issue.
Appellant’s petition essentially asked the trial court for proper consideration of his control release eligibility and to restore those allegedly cancelled control release credits. Mandamus is the proper avenue of relief for a prisoner seeking a control release date for which he is eligible. King v. Florida Parole Com’n, 614 So.2d 1183 (Fla. 1st DCA 1993); See also Scott v. State, 641 So.2d 407 (Fla.1994) (petition for habeas corpus seeking to require establishment of control release date was treated as petition for writ of mandamus). Mandamus lies where the petitioner shows “a clear legal right to the performance of a clear legal duty by a public officer and that he has no other remedies available to him.” Hatten v. State, 561 So.2d 562, 563 (Fla.1990). A petition for writ of mandamus would have required appellant to allege that he was entitled to a control release date and that none of the statutory eligibility disqualifications applied to him. King, 614 So.2d at 1185. These allegations were not plead. The trial court correctly treated the petition for writ of habeas corpus as a petition for *1097 writ of mandamus and denied the petition because it was deficient on its face.
AFFIRMED.
GRIFFIN, C.J., and W. SHARP, J„ concur.

. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).