PER CURIAM.
Samantha Stevins has filed a petition for writ of certiorari seeking review of the trial court’s order vacating a prior order appointing Stevins as private counsel for an indigent defendant. The order under review is a final order because it conclusively determines the parties’ rights and requires no further judicial action. Therefore, pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat the petition for writ of certiorari as a final appeal subject to review under Florida Rule of Appellate Procedure 9.030(b)(1)(A). See State v. Gaines, 770 So.2d 1221 (Fla.2000) (discussing the test employed by an appellate court to determine the finality of an order). We affirm the order.
Stevins was a part-time employee of the Public Defender of the Twentieth Judicial Circuit. As part of her duties for the public defender, she was assigned to represent one of the defendants in a racketeering case that went to trial in Collier *661 County. During the period of time Stevins was employed by the public defender, she asked the trial court to appoint her to represent the indigent defendant as private counsel, and the court entered such an order. The record reveals that Stevins was not appointed as private counsel at the inception of the case, nor did the public defender’s office seek to withdraw from the case before Stevins filed her motion for appointment. Therefore, the order appointing Stevins as private counsel in the case was not authorized. See Escambia County v. Behr, 384 So.2d 147 (Fla.1980); see also §§ 27.53(2)-(3), .54(4), Fla. Stat. (2002). Because there was no legal basis for the court’s appointment of Stevins to the case, we conclude that the trial court did not err in correcting its prior action. Accordingly, we affirm the order vacating the prior order appointing Stevins as counsel.
Affirmed.
DAVIS, SILBERMAN, and WALLACE, JJ„ Concur.