• CANADY, C.J.,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that section 27.5303(l)(a) governs all public defender motions to withdraw based on conflict — both at the trial and appellate levels — and that the court where the motion is filed is required to review such motions for sufficiency. I disagree, however, with the majority’s conclusion that the Office of Criminal Conflict and Civil Regional Counsel (RCC) did not have standing to object to a public defender’s motion to withdraw.
A would-be litigant has standing if “he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly.” Hayes v. Guardianship of Thompson, 952 So.2d 498, 505 (Fla.2006); see also Gen. Dev. Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971) (“Standing is, in the final analysis, that sufficient interest in the outcome of litigation which will warrant the court’s entertaining it.”). The would-be litigant bears the burden of setting forth “general factual allegations of injury resulting from the defendant’s conduct.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The issue of *1316 whether an entity such as RCC has standing in a particular action is not subject to a blanket rule but instead requires examination of the interest asserted by RCC in that case. See Hayes, 952 So.2d at 505 (“[Sjtanding to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted.”); id. at 508 (rejecting “bright-line rule” adopted by district court that would preclude an heir from participating in a proceeding for guardian fees or attorney fees). Here, RCC alleged a sufficient interest in the resolution of the public defender’s motion to withdraw to have standing.
In State v. J.P., 907 So.2d 1101 (Fla. 2004), this Court identified three factors— based on decisions by the United States Supreme Court — to be considered regarding whether a litigant has standing to assert a cause of action. These factors also provide a helpful framework for analyzing a would-be intervener’s claim of standing.
There are three requirements that constitute the “irreducible constitutional minimum” for standing. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). First, a plaintiff must demonstrate an “injury in fact,” which is “concrete,” “distinct and palpable,” and “actual or imminent.” Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Second, a plaintiff must establish “a causal connection between the injury and the conduct complained of.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560,112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Third, a plaintiff must show “a ‘substantial likelihood’ that the requested relief will remedy the alleged injury in fact.” Stevens, 529 U.S. at 771, 120 S.Ct. 1858.
J.P., 907 So.2d at 1113 n. 4; see also Allen v. Wright, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (“[Tjhe standing inquiry requires careful judicial examination of a complaint’s allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. Is the injury too abstract, or otherwise not appropriate, to be considered judicially cognizable? Is the line of causation between the illegal conduct and injury too attenuated? Is the prospect of obtaining relief from the injury as a result of a favorable ruling too speculative?”). As for the first J.P. factor — an injury in fact — the alleged harm must be “actual or imminent, not ‘conjectural’ or ‘hypothetical.’ ” Whitmore, 495 U.S. at 155, 110 S.Ct. 1717 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).
Section 27.511(5), Florida Statutes (2011), provides that RCC must assume representation of an indigent defendant in the event that the public defender cannot represent the defendant due to a conflict of interest:
(5) When the Office of the Public Defender, at any time during the representation of two or more defendants, determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without a conflict of interest, or that none can be counseled by the public defender or his or her staff because of a conflict of interest, and the court grants the public defender’s motion to withdraw, the office of criminal conflict and civil regional counsel shall be appointed and shall provide legal services, without additional compensation, to any person determined to be indigent under s. 27.52....
Because RCC must assume the representation of an indigent defendant upon withdrawal of the public defender, RCC is *1317 directly affected by the court’s ruling on a public defender’s motion to withdraw.
Further, because the withdrawal of a public defender results in additional responsibilities for RCC, the public defender’s withdrawal is an actual injury to RCC if the public defender does not have a legally sufficient basis for withdrawal. If a public defender withdraws unnecessarily, RCC will be forced to expend its finite resources to provide legal services beyond its mandate. In that situation, RCC incurs the burden of an additional client because the public defender has failed to fulfill its function as the provider of counsel in the absence of a conflict. Judicial review of the sufficiency of a public defender’s motion to withdraw will prevent this injury to RCC.
Based on the forgoing, where RCC asserts factual allegations that — if proven— would establish that the public defender does not have cause for withdrawal, RCC should be considered to have standing to oppose the motion to withdraw. RCC will suffer an injury in fact if the public defender is permitted to wrongfully withdraw representation, and that injury can be avoided by judicial review of the motion to withdraw.
Here, in the Fourth District Court of Appeal, the appellate public defender requested that its office be permitted to withdraw from representing defendant Christopher Johnson due to an alleged conflict of interest. The public defender asserted that there was a conflict because one attorney in the office was currently representing on appeal Johnson’s codefen-dant, James Mayfield. Contrary to the impression given by the opinion in the decision now on review, in opposition to the motion to withdraw, RCC did not merely complain that the public defender was attempting to use RCC as “a dumping zone” without addressing the merit of the motion to withdraw. Johnson v. State, 6 So.3d 1262, 1263 (Fla. 4th DCA 2009). Instead, in its written objection to the public defender’s motion to withdraw, RCC asserted that because the trials for Johnson and Mayfield were complete and the record on appeal for each case is public information, attorneys within the public defender’s office could competently represent the codefendants on appeal without violating any client confidences. By raising a factual question regarding the public defender’s assertion of conflict, RCC alleged an “actual or imminent” concern that RCC would be forced to assume representation in a case that arguably could be handled by the public defender. Whit-more, 495 U.S. at 155, 110 S.Ct. 1717. Accordingly, the Fourth District and the majority of this Court should have concluded that RCC had standing to object to the public defender’s motion to withdraw.
The majority errs in relying on Escambia County v. Behr, 384 So.2d 147 (Fla.1980), to support the conclusion that RCC lacked standing to challenge the appellate public defender’s motion to withdraw. The facts of Behr make it easily distinguishable from the case on review. Behr arose from different procedural circumstances and interpreted a different statutory provision. Moreover, Behr contains no discussion of the legal principles governing standing.
In Behr, Escambia and Dade Counties filed petitions for writs of certiorari, asserting that section 27.53, Florida Statutes (1977), imposed a duty on the public defender to represent indigent defendants and permitted withdrawal only in the circumstance of a conflict of interest. On review, this Court explained that section 27.53(2) stated that in addition to the public defenders, “any member of the bar in good standing may be appointed by the court to ... represent insolvent defen *1318 dants.” Behr, 384 So.2d at 148 n. 4. Based on this language, this Court concluded that section 27.53 granted trial courts discretion to appoint either private counsel or the public defender without making any “prerequisite findings” and that, as a result, the trial court did “not have to ... allow the county an opportunity to be heard before appointing private counsel.” Id. at 150.
In Behr, this Court determined that because section 27.53(2) granted the trial court broad discretion to appoint a private attorney rather than a public defender, the counties did not have a legal basis for challenging the motions to withdraw and there was no reason to conduct a hearing on the matter. In contrast, the statute at issue in the case on review — section 27.5303(l)(a) — does limit the trial court’s discretion to grant a public defender’s motion to withdraw to only those circumstances when the public defender has a conflict. RCC may not be legally assigned to represent a defendant absent such conflict. Accordingly, RCC — unlike the counties in Behr — has a legal basis for challenging a public defender’s motion to withdraw, and enforcement of the statute will prevent injury to RCC.
In addition, in Behr this Court did not directly mention the doctrine of standing. But the Court did state that it was adopting Judge Hubbart’s dissent from Dade County v. Baker, 362 So.2d 151 (Fla. 3d DCA 1978), and in that dissent Judge Hubbart expressly concluded that Dade County had standing to bring a petition seeking review of an order granting a motion to withdraw filed by the appellate public defender. Behr, 384 So.2d at 150. Finally, in Behr, this Court discussed the counties’ arguments on review rather than dismissing the proceeding due to lack of standing. Thus, in Behr this Court concluded not that the counties lacked standing to object to a public defender’s motion to withdraw but that given the governing statutory provision, there was no reason to require a trial court to conduct a hearing on a public defender’s motion to withdraw.
Similarly, In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defend,er, 561 So.2d 1130 (Fla.1990), does not contain any discussion of the principles governing standing. The Court concluded that in issuing the challenged order — which addressed the excessive case load of the appellate public defender — the “Second District Court properly invoked the inherent power of the judiciary.” Id. at 1138. The Court did not conclude that the counties lacked standing; rather, the Court rejected the counties’ argument that their “due process rights [were] violated” because they “were given neither notice nor an opportunity to be heard before the order was issued.” Id. at 1133. The Court reasoned that the challenged order “is merely the most recent in a series of efforts by the Second District Court to deal with th[e] increasing problem” of the public defender’s excessive case load. Id. The Court observed that “[i]n connection with at least two of these prior efforts by the Second District Court, all interested parties, including the counties, have been given an opportunity to respond,” and that “[t]he issues remain the same, and apparently the counties’ response also remains unchanged.” Id. (emphasis added). The Court thus recognized the counties’ status as interested parties but determined that given the history of the matter, the counties were not entitled to pri- or notice and a prior opportunity to be heard regarding the order issued by the district court.
The structural excessive case load issues addressed by In re Order on Prosecution are of an entirely different nature than the *1319 issue in the case on review. This Court’s conclusion about the requirements of due process in the context of those protracted proceedings provide no basis for any conclusion regarding the standing of RCC in the instant proceeding.
I also disagree with the majority’s decision on the standing issue because the majority does not recognize the consequences that follow from its conclusion that RCC did not have standing in the Fourth District. If RCC did not have standing in the Fourth District to oppose the motion to withdraw, how can the RCC now have standing to raise that issue in this Court? If the majority is correct on the standing issue, the unavoidable consequence would be the dismissal of this proceeding. A litigant lacking standing to raise an issue in a lower court also lacks standing to obtain appellate review and a ruling from the appellate court that the lower court erred on that issue.
In conclusion, I would quash the Fourth District’s decision. The Fourth District erred both in its interpretation of section 27.5303(l)(a) and in its ruling regarding RCC’s standing. RCC had a sufficient interest in the public defender’s motion to be heard on the subject, and pursuant to section 27.5303(l)(a), the Fourth District should have reviewed the sufficiency of the public defender’s motion to withdraw. I dissent from that portion of the majority’s decision that relates to RCC’s standing.
POLSTON, J., concurs.