444 So.2d 956 (1984)
Elwood C. BARCLAY, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.
No. 64386.
Supreme Court of Florida.
January 19, 1984.
*957 Talbot D'Alemberte of Steel, Hector & Davis, Miami, and James M. Nabrit, III, New York City, for petitioner.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
Barclay petitions this Court for a writ of habeas corpus and seeks relief from the affirmance of his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, subsections 3(b)(7) and (9), Florida Constitution.
We originally affirmed Barclay's conviction and sentence in Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978), but later remanded for resentencing because of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Barclay v. State, 362 So.2d 657 (Fla. 1978). *958 On remand the trial court resentenced Barclay to death, which we affirmed. Barclay v. State, 411 So.2d 1310 (Fla. 1981), affirmed, ___ U.S. ___, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). Following the United States Supreme Court's affirmance, Barclay then filed the instant petition in October 1983. Prior to our receiving the state's response, however, the governor signed a death warrant for Barclay, effective for the week of January 20-27, 1984. Barclay subsequently filed an emergency application for stay of execution.
In this petition Barclay requests that we either reduce his sentence to life imprisonment or else grant him a new appeal. He makes five arguments in support of his request: 1) his appellate counsel, Ernest Jackson, had a conflict of interest in representing both Barclay and Jacob John Dougan;[*] 2) his appellate counsel failed to render effective assistance; 3) this Court should not uphold a death sentence when the vote is three to three on rehearing; 4) this Court improperly requested and received copies of his post-imprisonment psychological tests and interviews; and 5) this Court improperly applied the "law of the case" rule to his appeal on resentencing. Finding merit to the first two issues, we need not discuss the last three.
Conflict-of-interest cases usually arise at the trial level, but, being caused by one attorney representing two or more clients, can arise at any level of the judicial process. In general an attorney has an ethical obligation to avoid conflicts of interest and should advise the court when one arises. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). An actual conflict of interest that adversely affects a lawyer's performance violates the sixth amendment and cannot be harmless error. Id; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Foster v. State, 387 So.2d 344 (Fla. 1980). Counsel's allegiance to a client must remain unaffected by competing obligations to other clients, and an actual conflict of interest renders judicial proceedings fundamentally unfair. United States v. Alvarez, 580 F.2d 1251 (5th Cir.1978). A conflict occurs "whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." Foxworth v. Wainwright, 516 F.2d 1072, 1076 (5th Cir.1975).
The performance of Barclay's appellate counsel meets the test set out in Foxworth. The trial jury obviously differentiated between Barclay and his co-defendant Dougan because it recommended death for Dougan and life imprisonment for Barclay. This situation, therefore, would appear to be tailor-made for emphasizing the jury's apparent perception of the differences between the two appellants. Jackson, however, made absolutely no attempt to draw our attention to this difference or to emphasize the rationality of the jury's differentiation. Obviously, Jackson would have been pitting his clients against each other because Barclay could have been made to appear relatively less deserving of death only by making Dougan appear more so. Barclay, therefore, would have gained significantly if Jackson had advanced "plausible arguments that are damaging to the cause of a [co-appellant] whom counsel is also representing." Id.
We find that Jackson had a conflict of interest in representing both Barclay and Dougan and that Barclay must have a new appeal where he is represented by conflictfree counsel. Other facts support this conclusion. Besides representing both Barclay and Dougan on appeal, Jackson represented Dougan at trial, and, apparently, the money he received for both trial and appellate *959 representation came only from Dougan's father. Moreover, Jackson approached Barclay about representing him on appeal, rather than the other way around. Finally, Jackson had met Dougan's sister while representing her brother at trial. After beginning appellate representation of Barclay, he divorced his wife and married Dougan's sister. Taken alone, these facts might not support the charge of a conflict of interest. Together, however, they demonstrate a much closer relationship to Dougan and his family than to Barclay, and, when considered with Jackson's failure to make a plausible argument which well could have benefitted Barclay immensely, they support our finding a conflict of interest.
The state argues that because he requested that the trial court appoint Jackson as appellate counsel Barclay knew of and agreed to accept any possible conflict of interest. The record, however, does not support this argument. There is no evidence that Barclay was aware of a possible conflict, knew the possible effect of a conflict, or could make an effective waiver of conflict. Rather, it appears that Barclay simply accepted an offer of help without knowing, or being told, the consequences of that offer.
We also find that Jackson did not provide Barclay with effective assistance of counsel. In the original appeal Jackson filed a brief purportedly raising twenty-seven points. In fact, however, only seven of these points are argued in the brief. The others are merely listed directly from the assignment of errors which Jackson filed with the trial court on Dougan's behalf. The brief claims that lack of time prevented more than just listing these points, but we note that Jackson received an extension of time for filing the brief and that he failed to file a reply brief. Moreover, other than the several points arguing the constitutionality of the death penalty, the points which contain discussion deal only with Dougan. Other than on the title page, Barclay's name does not appear in this brief. The lack of apparent relation to Barclay is a spillover from the conflict-of-interest issue as is the brief's complete failure to question the propriety of Barclay's death sentence. Moreover, the brief argues neither the inapplicability of the aggravating circumstances found by the trial court nor the possibility that the court erred in finding no applicable mitigating circumstances. Granted that Jackson filed this brief in 1976 and that the bulk of the case law concerning Florida's death penalty has been written since that year, the most recent case cited in the original brief is Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
Barclay has urged a total of thirty-one points and sub-points where Jackson's representation on appeal fell below an acceptable standard. Cumulatively, his arguments meet the standard set out in Knight v. State, 394 So.2d 997 (Fla. 1981), and we find that Barclay also suffered from ineffective assistance of counsel on appeal. In essence, due to the conflict of interest and Jackson's ineffectiveness, Barclay had no appellate representation. We therefore grant both the petition for habeas corpus, in order to allow Barclay a new appeal, and the stay of execution.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Dougan was Barclay's co-defendant at trial and co-appellee for their first two appearances before this court. Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978); Barclay v. State, 362 So.2d 657 (Fla. 1978). Dougan then had a separate appeal following resentencing, Dougan v. State, 398 So.2d 439 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981), and currently has a separate petition for habeas corpus pending before this Court. Dougan v. Wainwright, No. 61,786.