ON REVIEW OF ORDER REMOVING SPECIAL COUNSEL
PER CURIAM.
The appellant has filed a motion for appointment of conflict free counsel on appeal.- We treat this as a request to review the order of the lower tribunal compelling the removal of special counsel and appointing the Public Defender of the Fifteenth Circuit to represent appellant on appeal. We grant review and reverse the order.
Appellant, an indigent defendant, was represented in the trial court by special counsel. The Public Defender of the Fifteenth Circuit had withdrawn from his representation due to a conflict of interest. After appellant’s conviction, the trial court appointed the special counsel to continue representation on appeal. However, upon motion for reconsideration by the County Commission of Palm Beach County, which was concerned with the burden of the expense of the special counsel, the trial court determined that the conflict of interest did not carry through to the appellate stage and that the court was obliged to appoint the Public Defender of the Fifteenth Circuit as appellate counsel.
First, as the trial court by a later order recognized and the county conceded, Palm Beach County had no standing to intervene in these proceedings. In re Order of Prosecution of Criminal Appeals, 561 So.2d 1130 (Fla.1990); Escambia County v. Behr, 384 So.2d 147 (Fla.1980).
*13 Second, the public defender in the lower tribunal withdrew from representation of appellant because of conflict of interest. The public defender has asserted that the conflict still exists, and thus the issue of conflict is not extinguished, as an appeal is merely a continuation of the original proceedings. See Aranda v. State, 205 So.2d 667, 670 (Fla. 4th DCA 1968). Appellant is entitled to conflict free counsel to represent him on appeal. See Barclay v. Wainwright, 444 So.2d 956 (Fla.1984).
We therefore grant the motion for review, reverse the order appointing the public defender and direct the court to appoint a special counsel to represent appellant in connection with this appeal.
GLICKSTEIN, C.J., and GUNTHER and WARNER, JJ., concur.