993 So.2d 122 (2008)
Marco CADEJUSTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1370.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
Rehearing Denied November 24, 2008.
*123 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
ROSENBERG, ROBIN, Associate Judge.
The defendant, Marco Cadejuste, raises two distinct issues on appeal in this case. The first issue addresses whether the trial court erred in allowing an attorney to represent Cadejuste at trial after this same attorney had withdrawn from representing Cadejuste in the past based on a conflict of interest arising out his joint representation of Cadejuste and his co-defendant. The second issue concerns whether the trial court erred in denying Cadejuste's motion to suppress based on the deficiency of the Miranda warnings and the involuntariness of Cadejuste's confession. We reverse the conviction based on the conflict of counsel and remand for a new trial. We do not address the issues arising from the motion to suppress.

FACTUAL SUMMARY
The defendant, Marco Cadejuste, was charged by information with four counts of attempted armed robbery while wearing a *124 mask, two counts of attempted armed robbery of a structure while masked, two counts of resisting an officer with violence, burglary of an occupied dwelling and possession of a firearm by a convicted felon while masked. Cadejuste later entered a plea on some of the counts. Cadejuste went to trial on three counts of attempted robbery while wearing a mask, two counts of resisting an officer with violence, trespass of an occupied dwelling (a lesser offense of burglary of an occupied dwelling) and possession of a firearm by a felon while masked.
Cadejuste initially was represented by Patrick MacRae, who was an Assistant Public Defender at the time that he was appointed at first appearance on March 26, 2004. MacRae also represented the codefendant, who is Cadejuste's brother, Gieuvious Cadejuste. MacRae filed a formal notice of appearance as the assigned Assistant Public Defender on May 18, 2004. One week later, the Public Defender's office moved to withdraw due to a conflict in representing both Cadejuste and his co-defendant, because "their interests are so adverse and hostile" that the Public Defender could not represent both brothers. The trial court granted the motion and appointed other counsel to represent Cadejuste on May 28, 2004. MacRae continued to represent Cadejuste's co-defendant through at least December 2004.
Eventually, MacRae left the Public Defender's office and entered private practice. While in private practice, MacRae was appointed by the court to represent Cadejuste on September 22, 2006, after Cadejuste had been represented by several other counsel following MacRae's initial representation. At a pre-trial hearing on January 12, 2007, Cadejuste objected to MacRae's representation and informed the court of MacRae's conflict of interest based on his prior representation of Cade-juste's co-defendant. The court overruled Cadejuste's objection and made no further inquiry.
At a subsequent hearing on Cadejuste's motion to represent himself pro se, Cadejuste agreed to have the court strike his motion and agreed to have MacRae represent him. The court again failed to explain the adverse consequences a conflict might pose and made no inquiry of Cadejuste.

LEGAL PRINCIPLES
"An actual conflict of interest that adversely affects counsel's performance violates the Sixth Amendment of the United States Constitution." Larzelere v. State, 676 So.2d 394, 403 (Fla.1996). The assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see Holloway v. Arkansas, 435 U.S. 475, 489, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Implicit in the Sixth Amendment right to counsel is the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "An actual conflict of interest can impair the performance of a lawyer and ultimately result in a finding that the defendant did not receive the effective assistance of counsel." Lee v. State, 690 So.2d 664, 667 (Fla. 1st DCA 1997); see Cuyler v. Sullivan, 446 U.S. 335, 345, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); see also Holloway, 435 U.S. at 481, 98 S.Ct. 1173. When defense counsel discloses to the court that a conflict of interest exists, the court either must appoint separate counsel or "take adequate steps to ascertain whether the risk was too remote to warrant separate counsel." Holloway, 435 U.S. at 484, 98 S.Ct. 1173.
*125 A defendant's fundamental right to conflict-free counsel can be waived. Larzelere, 676 So.2d at 403. "For a waiver to be valid, the record must show that the defendant was aware of the conflict of interest that the defendant realized the conflict could affect the defense, and that the defendant knew of the right to obtain other counsel." Id.; see United States v. Rodriguez, 982 F.2d 474, 477 (11th Cir. 1993), cert. denied, 510 U.S. 901, 114 S.Ct. 275, 126 L.Ed.2d 226 (1993). "It is the trial court's duty to ensure that a defendant fully understands the adverse consequences a conflict may impose." Larzelere, 676 So.2d at 403; see Winokur v. State, 605 So.2d 100 (Fla. 4th DCA 1992), rev. den'd, 617 So.2d 322 (Fla.1993).

DISCUSSION
In this case, the Public Defender's office disclosed to the court that a conflict of interest existed when it initially represented Cadejuste and his co-defendant. The Office of the Public Defender of a given circuit is considered to be a "firm" for "purposes of construing the disciplinary rules governing conflicting interests of clients and imputed disqualification." Toneatti v. State, 805 So.2d 112, 114 (Fla. 4th DCA 2002) (public defender's joint representation of co-defendants raises a potential conflict which should have put the court on notice to conduct an inquiry into the conflict prior to trial to determine whether conflict-free counsel should have been appointed or to obtain a waiver from the parties). Based on the Public Defender's disclosure, the court appointed other counsel to represent Cadejuste. In that instance, the court acted in accordance with Holloway.
However, when MacRae was appointed as a private attorney to represent Cadejuste for the second time and Cadejuste raised an objection based on a conflict of interest due to MacRae's prior representation of the co-defendant, the court neither appointed new counsel nor made any inquiry as to the basis of the asserted conflict of interest or whether the conflict would impair Cadejuste's right to the effective assistance of counsel. The court's failure in this regard deprived Cadejuste of the guarantee of "assistance of counsel." See Holloway, 435 U.S. at 484, 98 S.Ct. 1173. Under Holloway, it is reversible error to require an attorney to represent co-defendants on the same case once the attorney tells the court of the actual or potential conflict between the co-defendants. Because Cadejuste's own attorney told the court that it was an actual conflict to represent both co-defendants, MacRae's subsequent representation of Cadejuste, in the absence of a valid waiver by Cadejuste, constitutes reversible error.
Further, the trial court failed to ensure that Cadejuste understood the implications of proceeding with MacRae as his attorney and failed to secure a valid waiver from Cadejuste. The actual conflict without a waiver resulted in reversible error. See Delarosa v. State, 757 So.2d 1284 (Fla. 4th DCA 2000). The proceeding in which the court struck Cadejuste's motion to represent himself pro se did not constitute a waiver of his right to conflict free counsel. In fact, the court did not mention or discuss a waiver of Cadejuste's right to conflict free counsel. The court did not engage in a colloquy to explain what right was being waived nor did the court try to ascertain if Cadejuste fully understood the conflict; furthermore, the trial court never advised Cadejuste of his right to conflict free counsel and of the adverse consequences to his defense from being represented by counsel with an actual conflict. Since the trial court failed to make a sufficient inquiry concerning the identified conflict of interest of Cadejuste's *126 counsel in his representation of Cadejuste, reversal and remand for a new trial is required. Crockett v. State, 620 So.2d 1306 (Fla. 4th DCA 1993).
Cadejuste's second argument on appeal is that his confession should have been suppressed because the Miranda warnings were deficient, the warnings were given "midstream" after a partial confession and the law enforcement officer exerted unlawful coercion in obtaining the confession. On remand, new counsel can re-visit the issues relating to the Miranda warnings addressed in such cases as Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006), Blake v. State, 972 So.2d 839 (Fla.2007) and Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004).
Reversed and Remanded.
STONE and GROSS, JJ., concur.