FARMER, J.
 

 Who shall represent the indigent defendant on his direct appeal?
 

 The appellate Public Defender (PD) says she has a conflict because she already represents the co-defendant on his appeal, convicted for the same crimes.
 
 [1]
 
 She points out that the trial court permitted the Public Defender there to withdraw from representing this defendant because of the same conflict. She also argues that the Regional Conflict Counsel
 
 [2]
 
 has no standing to object to a PD motion for leave to withdraw when the motion certifies conflict.
 

 On the other hand, the RCC (through his assistant) objects to, allowing the PD to withdraw. He argues that in a 2007 law
 
 [3]
 
 “the Legislature intended to revise the previous system to correct unnecessary spending.” He contends that the PD has the primary responsibility to represent criminal defendants, not the RCC, and that the Legislature did not intend for the PD to “transfer all of [her] typical responsibilities, leaving the elected Public Defender with only nominal duties.” He further argues that “while it may be true that a lawyer may not be able to juggle multiple cases, in this instance there are or were 38 appellate attorneys employed by the Office of Public Defender with a limited case load per month.” He submits that his office is “a safety net, not a dumping zone.” As to standing, he contends that his office is constitutional and publicly funded, thereby giving him “direct standing” to object to this motion to withdraw.
 

 The issue raised by these proceedings is now being frequently presented in motion practice before this court. The RCC (again, through his assistant) appears to be routinely demanding evidentiary hearings whenever the PD asserts a conflict in this court and moves to withdraw. Initially, motion panels of this court began relin
 
 *1264
 
 quishing jurisdiction to the trial court to hold inquiries into the basis for the PD’s conflict. After such a relinquishment in this case, however, the PD personally filed a motion to renew her request to withdraw on conflict grounds and requested oral argument to address the general problems raised by such relinquishment. We granted her request and heard extended argument from both the PD and the Assistant RCC. Based on that argument and the written motions and objections of these counsel, we now proceed to decide the issue.
 

 Co-defendants Johnson and Mayfield were charged with serious felonies in the 17th Circuit.
 
 [4]
 
 Because of conflict in representing both defendants, the 17th Circuit PD was replaced with private counsel paid by the State to represent defendant Johnson. Both defendants were found guilty and filed appeals to this court.
 

 The 15th Circuit PD represents all indigent defendants on appeal from their convictions in any of the circuit courts within this district.
 
 [5]
 
 In this case, the 15th Circuit PD has moved to withdraw from representing defendant Johnson in this appeal on the grounds that she is currently also representing defendant Mayfield in his appeal from a conviction in the same case below. The PD claims a direct conflict here arising from representing multiple defendants in a criminal case with antagonistic interests.
 

 The PD’s motion was captioned as “unopposed” and stated that the Assistant Attorney General assigned to this case had authorized movant to represent that she “agrees to this motion.” The PD’s motion made no assertion as to whether RCC had any position on withdrawal but did certify service of the motion to RCC.
 

 RCC objected. Before the PD might have responded to that objection, we remanded the motion and objection to the trial court “to determine whether conflict exists and, if so, to appoint counsel.” Prompted by our later order for a status report on the matter, the PD filed this renewed motion to withdraw and for the appointment of RCC.
 

 The renewed motion calls our attention to the multiple cases in this district in which this issue has been raised. The PD further argues that the obvious difficulties inherent in representing co-defendants eliminates any need for fact-finding in the trial court. She further points out that the trial judge thought the interests of the co-defendants antagonistic, requiring separate counsel. Hence the existence of true conflict ought to be accepted by this court without further inquiry for such appeals involving the same defendants.
 

 We described RCC’s arguments in the opening paragraphs. Procedurally, he also argues that the 15th Circuit PD waived any of these contentions by failing to respond to his objection to the initial motion to withdraw.
 
 [6]
 
 Substantively, his principal argument is that the statute creating the new RCC system contemplates a determi
 
 *1265
 
 nation by this court as to whether a true conflict exists.
 

 The PD relies on our decision in
 
 Turner v. State,
 
 611 So.2d 12 (Fla. 4th DCA 1992). There the PD had moved to withdraw in the trial court because of conflict, which the trial court granted and appointed special counsel. Defendant moved for the appointment of special counsel on appeal. Palm Beach County objected, citing concerns about the burden of the expense for special counsel.
 

 In holding that the County had no standing to object, we relied on
 
 In re Order of Prosecution of Criminal Appeals,
 
 561 So.2d 1130 (Fla.1990). In that case the supreme court held that Counties need not be allowed to respond to PD motions for leave to withdraw because of conflict.
 
 [7]
 
 As to the merits, we noted that the PD had asserted that the conflict continues to exist. Based on the assertion of the PD, we said: “Thus the issue of conflict is not extinguished, as the appeal is merely a continuation of the original proceedings.” 611 So.2d at 13. We held that the defendant is also entitled to conflict-free counsel for the same case on appeal.
 

 Turner
 
 was based on
 
 Holloway v. Arkansas,
 
 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), and
 
 Barclay v. Wainwright,
 
 444 So.2d 956 (Fla.1984). In
 
 Holloway,
 
 the Supreme Court reversed a conviction because a state trial court refused to appoint substitute counsel where counsel representing three defendants in a criminal trial certified that the defendants had antagonistic interests. In finding the trial court’s refusal a violation of the Sixth Amendment right to effective assistance of counsel, the Court explained:
 

 “[M]ost courts have held that an attorney’s request for the appointment of separate counsel, based on his representations as an officer of the court regarding a conflict of interests, should be granted.
 
 In so holding, the courts have acknowledged and given effect to several interrelated considerations.
 
 An ‘attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial’
 
 Second, defense attorneys have the obligation, upon discovering a conflict of interests, to advise the court at once of the problem. Finally,
 
 attorneys are officers of the court, and ‘when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.’
 
 ” [e.s.]
 

 435 U.S. at 485-86, 98 S.Ct. 1173. In rejecting the State’s objections to withdrawal, the Court explained:
 

 “The State argues, however, that to credit [defense counsel’s] representations to the trial court would be tantamount to transferring to defense counsel the authority of the trial judge to rule on the existence or risk of a conflict and to appoint separate counsel. In the State’s view, the ultimate decision on those matters must remain with the trial judge; otherwise unscrupulous defense attorneys might abuse their ‘authority,’ presumably for purposes of delay or obstruction of the orderly conduct of the trial.”
 

 
 *1266
 
 “The State has an obvious interest in avoiding such abuses. But our holding does not undermine that interest. When an untimely motion for separate counsel is made for dilatory purposes, our holding does not impair the trial court’s ability to deal with counsel who resort to such tactics. Nor does our holding preclude a trial court from exploring the adequacy of the basis of defense counsel’s representations regarding a conflict of interests without improperly requiring disclosure of the confidential communications of the client.
 
 In this case the trial court simply failed to take adequate steps in response to the repeated motions, objections, and representations made to it, and no prospect of dilatory practices was present to justify that failure.”
 
 [e.s., c.o.]
 

 435 U.S. at 486-87, 98 S.Ct. 1173.
 
 Holloway
 
 alone would seem to dispose of RCC’s arguments.
 
 Barclay
 
 did not rely on
 
 Holloway
 
 but holds that conflict with appellate counsel representing multiple defendants is a violation of the Sixth Amendment right to counsel.
 

 RCC bases its objection to withdrawal on the statutes created by the Legislature in 2007. The supreme court has explained the purpose of these new statutes thus: “rather than appointing private counsel from a registry list, the new system mandates that [RCC] be appointed first.”
 
 Crist v. Fla. Ass’n of Crim. Defense Lawyers Inc.,
 
 978 So.2d 134, 138 (Fla.2008). RCC cites two subsections setting out statements of general legislative intent but does not rely on any specific prescriptive provision.
 
 [8]
 

 General statements of legislative intent have little power to change substantive directives stated plainly in the same statute .which may seem at odds with the general intent. RCC omits mentioning the dispositive provision in § 27.511(8), which states:
 

 “If the public defender certifies to the court that the public defender has a conflict consistent with the criteria prescribed in s. 27.5303 and moves to withdraw,
 
 the regional counsel shall handle the appeal,
 
 unless the regional counsel has a conflict, in which case the court shall appoint private counsel pursuant to s. 27.40.” [e.s.]
 

 § 27.511(8), Fla. Stat. (2008). The plain meaning of this text is that the appellate PD’s certification alone is sufficient to shift representation of the defendant to the RCC. If in turn RCC has a conflict, he too has the same remedy as the PD did.
 
 [9]
 

 In short, the statute itself places the determination of the existence of a conflict in the hands of the
 
 PD
 
 — without
 
 any inquiry by an appellate court.
 
 The statute plainly says if a PD certifies conflict then RCC shall handle the appeal. This statute is not inconsistent with a supreme court holding before the statute was adopted.
 
 See Guzman v. State,
 
 644 So.2d 996, 999 (Fla.1994) (“[0]nce a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3) ... a trial court
 
 must
 
 grant separate representation”)
 
 (citing Babb v. Edwards,
 
 412 So.2d 859, 862 (Fla.1982));
 
 see also
 
 § 27.53(3), Fla. Stat. (1997).
 

 A separate statute authorizes but does not require
 
 trial courts
 
 to conduct an in
 
 *1267
 
 quiry into the basis for the PD’s assertion that a conflict exists. § 27.5303(1)(a), Fla. Stat. (2008) (“The court shall review and
 
 may
 
 [e.s.] inquire or conduct a hearing into the adequacy of the public defender’s representations regarding a conflict of interest ...”). RCC says this statute also applies in the appellate courts but has not furnished us with any statutory text supporting his argument that in spite of the clear appellate provision, § 27.5303(1)(a) nevertheless also authorizes factual inquiries when the appellate PD certifies conflict. Given the difference in text of the separate statutes, we conclude that § 27.511(8) is meant to control in the appellate court when multiple defendants are involved in appeals after a trial court has found a conflict. We again emphasize that the supreme court has previously established that a conflict sufficient in the trial court for the same defendants should be deemed valid in the appeals.
 
 Barclay,
 
 444 So.2d at 958-59.
 

 As we indicated before,
 
 Turner
 
 was based on the Constitution.
 
 See Holloway,
 
 435 U.S. at 481-82, 98 S.Ct. 1173 (relying on
 
 Glasser v. United States,
 
 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942));
 
 see also Cadejuste v. State,
 
 993 So.2d 122 (Fla. 4th DCA 2008) (conflict of interest adversely affecting counsel’s performance violates Sixth Amendment). No further citations of authority are necessary to support the well established principle that conflict-free counsel is part of the constitutional provision for effective assistance of appellate counsel.
 
 [10]
 
 The PD’s motion to withdraw thus implicates this constitutional imperative.
 

 Finally, we conclude that RCC has no standing to object to the PD’s motions to withdraw. As we mentioned above, our
 
 Turner
 
 decision followed
 
 In re Order of Criminal Appeals.
 

 [11]
 

 That case involved a problem in the Second District when the PD had developed a significant backlog of criminal appeals. A backlog of such appeals is plainly not the issue here, however; the reason for the PD’s motion today is the presence of conflict. But since
 
 In re Order of Criminal Appeals,
 
 two statutes appear to bear directly on the issue of standing.
 

 In 2003, before the later adoption of the RCC statutes, the Legislature had enacted § 27.5303.
 
 [12]
 
 Subsection 27.5303(1)(a) then contained the following provision:
 

 “If, at any time during the representation of two or more defendants, a public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her .staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of a conflict of interest, then the public defender shall file a motion to withdraw and move the court to appoint other counsel. If requested by the Justice Administrative Commission, the public defender shall submit a copy of the motion to the Justice Administrative Commission at the time it is filed with the court.
 
 The Justice Administrative Commission shall have standing to appear before the court to contest any motion to withdraw due to a conflict of interest. ...
 
 The court shall deny the motion to withdraw
 
 *1268
 
 if the court finds the grounds for withdrawal are insufficient or the asserted conflict is not prejudicial to the indigent client. If the court grants the motion to withdraw, the court shall appoint one or more attorneys to represent the accused.” [e.s.]
 

 § 27.5303(1)(a), Fla. Stat. (2003). But in the subsequent legislation in 2007 creating the new RCC system, the highlighted text above was repealed. In repealing the old text, the new law did not make any new provision giving the RCC standing to object
 
 to
 
 PD motions to withdraw — similar to the authority that had formerly been given the Justice Administration Commission.
 
 [13]
 
 Since this 2007 legislation, no statute authorizes the newly created RCC to object to PD motions to withdraw in any court. The omission of any grant of standing in the revised version of § 27.5303 causes us to conclude that the Legislature did not intend to grant the RCC
 
 statutory
 
 standing to object to PD withdrawals.
 

 The RCC’s lack of standing to object to withdrawal of a PD asserting conflict obviously applies as well in trial courts. The determination that a conflict results from representation of multiple defendants in any court is an issue turning on privileged facts lying beneath the professional judgment of the PD — facts that are simply incapable of being made known in court without compromising the client. The decision to assert such a conflict resides in the presumed good faith of lawyers as officers of the court having the duty to avoid such conflicts. The lawyer involved in the case is the person with the primary responsibility of avoiding unethical representation and of asserting and protecting the interests of the defendant. In the relatively small percentage of her appellate cases in which she asserts such conflicts, we have been given no reason to doubt the good faith of the PD, nor of the Attorney General’s office in declining to object to these few requests. In this regard, the professionalism of both offices commends the lawyers who serve these important functions in the system of justice.
 

 For the above reasons, we grant the PD’s motion for leave to withdraw by separate order and direct that the RCC “shall handle the appeal.” § 27.511(8), Fla. Stat. (2008). We will no longer relinquish jurisdiction on such motions for inquiry in the trial court. As the statute provides, if the PD certifies that a conflict exists, then RCC shall assume representation, subject to RCC’s duty to certify his own conflict if he be so advised.
 

 Orders accordingly.
 

 GROSS, C.J., and STEVENSON, J., concur.
 

 [1]
 

 .
 
 Mayfield v. State,
 
 No. 4D08-1608, filed April 17, 2008, open and pending.
 

 [2]
 

 . Actually his full title is "Criminal Conflict and Civil Regional Counsel, Fourth Region.” § 27.511(1), Fla. Stat. (2007). We shall use RCC as shorthand for the cumbersome statutory title.
 

 [3]
 

 . Ch. 2007-62, §§ (1)-(2), Laws of Fla.
 

 [4]
 

 . Robbery with a firearm and carjacking. Johnson's sentence was 25 years.
 

 [5]
 

 . § 27.51(4)(d), Fla. Stat. (2008) (“The public defender for the judicial circuit specified in this subsection shall, after the record on appeal is transmitted to the appellate court by the office of the public defender which handled the trial and if requested by any public defender within the indicated appellate district, handle all circuit court appeals ... (d) Public defender of the fifteenth judicial circuit, on behalf of any public defender within the district comprising the Fourth District Court of Appeal”).
 

 [6]
 

 .All of RCC's procedural objections are mer-itless, and we reject them without further elaboration.
 

 [7]
 

 . The court reaffirmed its prior holding in
 
 Escambia County v. Behr,
 
 384 So.2d 147 (Fla.1980), which had approved the position that "there should be no necessity for inquiry into whether the trial court’s order is based on a ‘lawful ground' because [the statute] providing the authority for the appointment in question does not mention any such prerequisite.” 384 So.2d at 149 (quoting
 
 Dade County v. Baker,
 
 362 So.2d 151, 158 (Fla. 3d DCA 1978) (Hubbart, J., dissenting)).
 

 [8]
 

 .
 
 See
 
 Ch. 2007-62, § 31, Laws of Fla.
 

 [9]
 

 .
 
 See
 
 § 27.511(8), Fla. Stat. (2008) (“the regional counsel shall handle the appeal, unless the regional counsel has a conflict, in which case the court shall appoint private counsel pursuant to s. 27.40").
 

 [10]
 

 .PD here does not contend that even if a statute gave RCC standing to object to the PD’s assertion of conflict it would conflict with the constitutional right to effective representation. Thus, we do not address that issue.
 

 [11]
 

 .
 
 See
 
 n. 7 above and accompanying text.
 

 [12]
 

 .
 
 See
 
 Ch. 2003-402, § 19, Laws of Fla.
 

 [13]
 

 . See Ch. 2007-62, § 10, Laws of Fla.